**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

 vs.               **5:12-CV-0008
                    (MAD/DEP)**

**ERIC LOTT,**

       **Defendant.**
_____

**APPEARANCES:**               **OF COUNSEL:**

OVERTON, RUSSELL, DOERR & DONOVAN, LLP  Linda L. Donovan, Esq.
19 Executive Park Drive
Clifton Park, New York 12065
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

   On January 4, 2012, plaintiff United States of America ("plaintiff") commenced the above captioned action alleging that defendant defaulted on a promissory note. Familiarity with the background in this case is assumed based on this Court's previous Memorandum-Decision and Order. (Dkt. No. 8). On February 28, 2012, plaintiff moved for entry of a default judgment against defendant. (Dkt. No. 7). On May 1, 2012, the Court issued a Memorandum-Decision and Order and granted plaintiff's motion for default judgment against defendant. However, due to insufficient evidence, the Court directed plaintiff to reapply for an award of damages within thirty days of the date of the Order. (Dkt. No. 8). On May 18, 2012, plaintiff filed a motion for determination of damages. (Dkt. No. 9).

**II. BACKGROUND**

The Court has taken the facts set forth below from plaintiff's complaint and the Certificate of Indebtedness from the United States Department of Education executed on May 17, 2012. On April 14, 2003, defendant executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education through the William D. Ford Federal Direct Loan Program. On July 23, 2004, the loan was disbursed for $14, 747.74 with interest accruing at a rate of 4.625 % per annum. The Department demanded payment according to the note and defendant defaulted. The Certificate provides that, as of May 17, 20123, defendant owes the following:

| | |
|---|---|
| Principal | $ 14,747.74 |
| Interest | $ 4,139.77 |
| Total | $ 18,887.51 |

The Certificate also provides that, "[i]nterest accrues on the principal shown here at a rate of $1.87 per day".

Plaintiff seeks the sum above plus prejudgment interest through the date of judgment, administrative costs allowed by law and post-judgment interest pursuant to 28 U.S.C. § 1961.

### III. DAMAGES

Courts have awarded plaintiffs damages relying solely on Certificates of Indebtedness. *U.S. v. Zdenek*, 2011 WL 6754100, at *2 (E.D.N.Y. 2011) (collecting cases). Here, according to the Certificates of Indebtedness plaintiff owes $14,747.74 in principal and $4,139.77 in accrued interest. The Court awards plaintiff the aforementioned amount. *See id.*

In addition, plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. The statute provides, in pertinent part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

2

"Post-judgment interest serves as a means to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant". *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) (citation and quotation omitted). An award of post-judgment interest is mandatory in any civil case where money damages are recovered. *U.S. v. Saccente*, 2011 WL 1044475, at *2 (E.D.N.Y. 2011). Accordingly, plaintiff is awarded post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

Plaintiff also seeks $25.00 for service and travel pursuant to 28 U.S.C. § 1921. The submissions are insufficient in this regard. Plaintiff has failed to provide any explanation or documentation to support this request for fees. *See U.S. v. Zdenek*, 2011 WL 6754100, at *2 (E.D.N.Y. 2011). Accordingly, the Court denies plaintiff's request.

## IV. CONCLUSION

It is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment (Dkt. No. 7) against defendant is **GRANTED**; it if further

**ORDERED** that plaintiff, on the first cause of action, is awarded $14,747.74 in unpaid principal, $4,139.77 in accrued interest, an additional $.1.87 in interest for each day after May 17, 2012 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 1, 2012
      Albany, New York

Mae A. D'Agostino
U.S. District Judge